IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) Case No. |
| Plaintiffs, | ) ) Honorable ) District Judge |
| v. | ) ) FILED: JUNE 10, 2008   LI |
| BLUE SKY HEAVY HAULING, INC., a Michigan corporation, | ) 08CV3338 ) JUDGE   DOW, JR ) MAGISTRATE   JUDGE MASON |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, trustee (collectively the "Pension Fund") complaining of Defendant Blue Sky Heavy Hauling, Inc., a Michigan corporation ("Blue Sky"), allege as follows:

## JURISDICTION AND VENUE

1.     This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Areas Pension Fund by Defendant.  Jurisdiction is premised upon Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and the Pension Fund Trust Agreement.

2. The Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered in the Eastern Division of the Northern District of Illinois. Venue is proper in this district under § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and pursuant to the forum selection clause of the Pension Fund Trust Agreement.

## PARTIES AND RELATIONSHIPS

3. The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

4. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries and paying the administrative expenses of the Pension Fund.

5. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary.

6. Defendant Blue Sky is a Michigan corporation with its principal place of business located in the State of Michigan. Blue Sky is an "employer" and a "party-in-interest" as those terms are defined by, respectively, 29 U.S.C. §§1002(5) and 1002(14)(c) of ERISA.

7. Local Union No. 247 of the IBT ("Local 247") is a labor organization which represented, for the purpose of collective bargaining, certain employees of Blue Sky and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

8. For all periods relevant, Blue Sky was signatory to Collective Bargaining Agreements with Local 247. Pursuant to these agreements, Blue Sky agreed to pay contributions to the Pension Fund on behalf of covered employees.

9. Blue Sky also entered into a Participation Agreement pursuant to which it agreed to pay contributions to the Pension Fund.

10. Blue Sky also agreed to be bound by the Pension Fund Trust Agreement. The Pension Fund Trust Agreement required Blue Sky to "make continuing and prompt payments to the [Pension Fund] as required by the applicable collective bargaining agreements."

11. The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

12. During the period of January 2002 through December 2004, Blue Sky reported employee work history to the Pension Fund.

13. Pursuant to the Pension Fund Trust Agreement, the Pension Fund is permitted to audit work history records of participating employers' records in order to verify

the accuracy and completeness of the employee work history reported by participating employers.

14. The Pension Fund audited Blue Sky's records for the period of January 2002 through December 2004 to verify the accuracy and completeness of employee work history reported to the Pension Fund by Defendant pursuant to the Collective Bargaining Agreements and the Pension Fund Trust Agreement.

15. The audit revealed that Blue Sky breached the Collective Bargaining Agreements and the Participation Agreement by failing to submit employer contributions to the Pension Fund on behalf of all covered employees.

16. Pursuant to rules promulgated by the Trustees, the Pension Fund Trust Agreement, and Section 502(g)(2)(d) and (e) of ERISA, 29 U.S.C. §1132(g)(2(d), (e), Blue Sky is required to pay all audit fees and costs incurred by the Pension Fund in connection with the audit of Blue Sky's records.

17. The Pension Fund Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus

liquidated damages in the amount of 20% of the unpaid contributions or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions or withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## **STATUTORY AUTHORITY**

18. Section 515 of ERISA, 29 U.S.C. §1145, provides:

    Sec. 515. Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

19. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides:

    (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of --

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

>   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

20. Blue Sky breached the provisions of ERISA, the Collective Bargaining Agreements, the Participation Agreement, and the Pension Fund Trust Agreement by failing to pay all the contributions (and interest due thereon) which were revealed to be owed to the Pension Fund by the audit covering the period of January 2002 through December 2004.

21. Despite demands that Blue Sky perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Blue Sky has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 20.

22. Upon information and belief, Blue Sky breached the provisions of ERISA, the Collective Bargaining Agreements, the Participation Agreement, and the Pension Fund Trust Agreement by failing to pay all contributions (and interest due thereon) owed to the Pension Fund for periods prior to January 2002 and after December 2004.

23. Despite demands that Blue Sky perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Blue Sky has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraphs 20 and 21.

24. Blue Sky owes to the Pension Fund principal in the amount of $20,090.72 for unpaid contributions as a result of the conduct set forth in paragraph 20.

25.　　Blue sky owes to the Pension Fund amounts that are currently not known with specificity, but will be determined in the course of discovery, in unpaid contributions and interest as a result of the conduct set forth in paragraph 22.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, et al., request the following relief against Defendant Blue Sky Heavy Hauling, Inc., a Michigan corporation:

(a)　　A judgment against Defendant in favor of the Pension Fund for all contributions that are owed as of the date of the judgment based upon employee work history reported by Defendant, plus the greater of double interest or single interest plus liquidated damages and all attorneys' fees and costs and audit fees and costs incurred by Plaintiffs in connection with this action;

(b)　　Post-judgment interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(c)　　That this Court retain jurisdiction of the cause pending compliance with its orders; and

(d)   Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org

F:209144 / 06321928 / 1/5/07