IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND AND HOWARD MCDOUGALL, TRUSTEE. <br><br> Plaintiffs, <br><br> v. <br><br> BLUE SKY HEAVY HAULING, INC., A MICHIGAN CORPORATION, <br><br> Defendant. | Case No. 08CV3338 <br><br> Judge: Robert M. Dow, Jr. <br><br> Magistrate Judge: Mason |

## ANSWER OF DEFENDANT BLUE SKY HAULING, INC.

Now comes the Defendant, Blue Sky Heavy Hauling, Inc., by its attorneys, Lindner & Marsack, S.C. by Alan M. Levy, and Peter Andjelkovich & Associates by Peter Andjelkovich, and as and for its Answer to the Complaint in the above-captioned case, admits, denies, and alleges as follows:

### JURISDICTION AND VENUE

Complaint 1.     This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Area Pension Fund by Defendant. Jurisdiction is premised upon Section 502(e) (1) of ERISA, 29 U.S.C. § 1132(e) (1), and the Pension Fund Trust Agreement

In response to Paragraph 1 of the Complaint, Defendant admits the allegations contained therein as to jurisdiction and venue, but denies any liability pursuant to the cited statutes and trust documents.

Complaint 2:        The Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered in the Eastern Division of the Northern District of Illinois. Venue is proper in this district under § 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2) and pursuant to the forum selection clause of the Pension Fund Trust Agreement.

In response to Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

Complaint 3:        The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

In response to Paragraph 3 of the Complaint, Defendant admits the allegations contained therein.

Complaint 4:        The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers.  All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries and paying the administrative expenses of the Pension Fund.

In response to Paragraph 4 of the Complaint, Defendant admits the allegations contained therein.

Complaint 5:        Plaintiff Howard McDougall is a trustee and a "fiduciary" of the Pension Fund as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary.

In response to Paragraph 5 of the Complaint, Defendant admits the allegations contained therein.

Complaint 6:        Defendant Blue Sky is a Michigan corporation with its principal place of business located in the State of Michigan.  Blue Sky is an "employer" and a "party-in-interest" as those terms are defined by, respectively, 29 U.S.C. §1002(5) and 1002(14) (c) of ERISA.

In response to Paragraph 6 of the Complaint, Defendant admits the allegations contained therein.

Complaint 7:        Local Union No. 247 of the IBT ("Local 247") is a labor organization which represented, for the purpose of collective bargaining, certain employees of Blue Sky and employees of other employers in industries affecting interstate commerce.

In response to Paragraph 7 of the Complaint, Defendant admits the allegations contained therein.

## ALLEGED FACTS

Complaint 8:        For all periods relevant, Blue Sky was signatory to Collective Bargaining Agreements with Local 247. Pursuant to these agreements, Blue Sky agreed to pay contributions to the Pension Fund on behalf of covered employees.

In response to Paragraph 8 of the Complaint, Defendant alleges the phrase "for all periods relevant" is so vague and uncertain that an answer cannot be formed in that regard and, therefore, the allegations must be denied.  Further answering, and without conceding, its objections to the form of the allegations. Defendant admits it was party to contracts with Local 247 until, but not after, May 31, 2006.

Complaint 9        Blue Sky also entered into a Participation Agreement pursuant to which it agreed to pay contributions to the Pension Fund.

In response to Paragraph 9 of the Complaint, Defendant admits it was party to a participation agreement from the effective date of its first labor contract with Local 247 until no later than May 31, 2006.

Complaint 10:        Blue Sky also agreed to be bound by the Pension Fund Trust Agreement. The Pension Fund Trust Agreement required Blue Sky to "make continuing and prompt payments to the [Pension Fund] as required by the applicable collective bargaining agreements."

In response to Paragraph 10 of the Complaint, Defendant states that the documents to which it was signatory are the best evidence of their content, that they speak for themselves, and, further answering, Defendant admits the allegations to the extent they are consistent with those documents.

Complaint 11:    The Pension Fund relies upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

In response to Paragraph 11 of the Complaint, Defendant states that it lacks sufficient information upon which to base an answer to these allegations and, therefore, denies them.

Complaint 12:    During the period of January 2002 through December 2004, Blue Sky reported employee work history to the Pension Fund.

In response to Paragraph 12 of the Complaint, Defendant admits the allegations contained therein.

Complaint 13:    Pursuant to the Pension Fund Trust Agreement, the Pension Fund is permitted to audit work history records of participating employers' records in order to verify the accuracy and completeness of the employee work history reported by participating employers.

In response to Paragraph 13 of the Complaint, Defendant states that the paragraph recites legal conclusions, not allegations of fact, and that Defendant is, therefore, not obligated to respond to them. For this purpose, Defendant requests that its response be treated as a denial of the allegations.

Complaint 14:    The Pension Fund audited Blue Sky's records for the period of January 2002 through December 2004 to verify the accuracy and completeness of employee work history reported to the Pension Fund by Defendant pursuant to the Collective Bargaining Agreements and the Pension Fund Trust Agreement.

In response to Paragraph 14 of the Complaint, Defendant admits the allegations contained therein.

Complaint 15:        The audit revealed that Blue Sky breached the Collective Bargaining Agreements and the Participation Agreement by failing to submit employer contributions to the pension Fund on behalf of all covered employees.

In response to Paragraph 15 of the Complaint, Defendant denies the allegations contained

therein.

Complaint 16:        Pursuant to rules promulgated by the Trustees, the Pension Fund Trust Agreement, and Section 502(g) (2) (d) and (e) of ERISA, 29 U.S.C. §1132(g) (2) (d), (e), Blue Sky is required to pay all audit fees and costs incurred by the Pension Fund in connection with the audit of Blue Sky's records.

In response to Paragraph 16 of the Complaint, Defendant states that the paragraph recites

legal conclusions, not allegations of fact, and that Defendant is, therefore, not obligated to

respond to them.  For this purpose, Defendant requests that its response be treated as a denial of

the allegations.

Complaint 17:        The Pension Fund Trust Agreement provides that:

Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability or other moneys due to the Trustee from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fee and such fees for late payment as the Trustees determine and as permitted by law.  The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged. Any judgment against an employer for contributions or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions or withdrawal liability shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York_ for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

In response to Paragraph 17 of the Complaint, Defendant states that the documents to which it was signatory are the best evidence of their content, that they speak for themselves, and, further answering, Defendant admits the allegations to the extent they are consistent with those documents.

Complaint 18:        Section 515 of ERISA, 29 U.S.C. §1145, provides:

Sec. 515. Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, shall, to the extent not inconsistent with law, make such contributions in accordance with terms and conditions of such plan or such agreement.

In response to Paragraph 18 of the Complaint, Defendant admits that the paragraph accurately recites the cited statute.

Complaint 19:        Section 502(g) (2) of ERISA, 29 U.S.C. §1132(g) (2), provides:

(2)    In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall aware the plan--

(A)    the unpaid contributions,
(B)    interest on the unpaid contributions
(C)    an amount equal to the great of—
       (i) interest on the unpaid contributions or
       (ii) Liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E)    such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 or Title 26.

In response to Paragraph 19 of the Complaint, Defendant admits that the paragraph accurately recites the cited statute.

Complaint 20:        Blue Sky breached the provisions of ERISA, the Collective Bargaining Agreements, the Participation Agreement, and the Pension Fund Trust Agreement by

failing to pay all the contributions (and interest due thereon) which were revealed to be owed to the Pension Fund by the audit covering the period of January 2002 through December 2004.

In response to Paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

Complaint 21:       Despite demands that Blue Sky perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Blue Sky has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 20.

In response to Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

Complaint 22:       Upon information and belief, Blue Sky breached the provisions of ERISA, the Collective Bargaining Agreements, the Participation Agreement, and the Pension Fund Trustee Agreement by failing to pay all contributions and interest due thereon) owed to the Pension Fund for periods prior to January 2002 and after December 2004.

In response to Paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

Complaint 23:       Despite demands that Blue Sky perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Blue Sky has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 20 and 21.

In response to Paragraph 23 of the Complaint, Defendant admits the allegations contained therein.

Complaint 24:       Blue Sky owes to the Pension Fund principal in the amount of $20,090.72 for unpaid contributions as a result of the conduct set forth in paragraph 20.

In response to Paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

Complaint 25:       Blue Sky owes to the Pension Fund amounts that are currently not known with specificity, but will be determined in the course of discovery, in unpaid contributions and interest as a result of the conduct set forth in paragraph 22.

In response to Paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

**WHEREFORE**, Defendant Blue Sky Heavy Hauling, Inc., requests that the Court order that:

1.    The Complaint in the above-captioned case be dismissed, with prejudice, in its entirety,

2.    Plaintiffs pay Defendant the costs and reasonable attorney fees it has incurred in its defense of this action, and

C.    Plaintiff provides such other and further relief as this Court may deem necessary and appropriate.

Respectfully submitted this 24th day of July, 2008.

LINDNER & MARSACK, S.C.,

By: /s/ Alan M. Levy
Alan M. Levy (IL Reg. No. 6184145;
Wis. SBN: 1010285)

P.O. Address:
411 East Wisconsin Avenue, #1800
Milwaukee, Wisconsin 53202
(414) 273-3910/ (414) 273-0522 (fax)
alevy@lindner-marsack.com

PETER ANDJELKOVICH & ASSOCIATES

By: /s/ Peter Andjelkovich
Peter Andjelkovich (IL Reg. No. 3125947

Peter Andjelkovich & Associates
39 South LaSalle Street, Suite 200
Chicago, IL 60603
(312) 782-8345/(312) 782-6517 (fax)
pa@paalaw.net

Attorneys for Defendant, Blue Sky Hauling, Inc.